IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SHAWN RAMSEY, § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> NORTHGATEARINSO, INC. D/B/A/ § <br> NGA HUMAN RESOURCES, INC. and § <br> NGA HUMAN RESOURCES, USA § <br> § <br> *Defendants*. § | CIVIL ACTION NO. 1:cv-20-494 <br> (State Court Cause No. <br> D-1-GN-20-001854) |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant NorthgateArisno, Inc. d/b/a NGA Human Resources, Inc. and NGA Human Resources, USA ("Defendant") files this Notice of Removal to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and in support of this Notice, respectfully shows as follows:

### STATEMENT OF THE CASE

1.   On April 15, 2020, Plaintiff Shawn Ramsey ("Plaintiff") filed his Amended Original Petition ("Petition") against Defendant in the 353rd Judicial District Court of Travis County, Texas. The Petition alleges claims under the Texas Labor Code for disability discrimination. For the reasons that follow, Defendant now removes the case to this Court.

### GROUNDS FOR REMOVAL

2.   A defendant may remove any civil action brought in a state court if the United States District Court for the district and division embracing the place where the state court is located has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). This Court has original jurisdiction over the State Court Lawsuit under 28 U.S.C. § 1332(a)(1) because (1) Plaintiff and

Defendant are citizens of different states and (2) the amount in controversy exceeds $75,000, exclusive of interests and costs. This case is therefore properly removed.

### A. There is complete diversity of citizenship between Plaintiff and Defendant.

3. To establish diversity jurisdiction under 28 U.S.C. § 1332(a)(1), the removing party must first show there is complete diversity of citizenship between all of the Plaintiffs and all of the Defendants. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804-05 (5th Cir. 1991) (internal citations omitted). There is complete diversity of citizenship between Plaintiff and Defendant.

4. Plaintiff is a resident of Travis County, Texas, and a citizen of the State of Texas.

5. NorthgateArisno, Inc. is a Georgia corporation with its principal place of business in Florida.

### B. The amount in controversy exceeds $75,000.

6. To establish diversity jurisdiction under 28 U.S.C. 1332(a), the removing party must show that the amount in controversy exceeds $75,000, exclusive of interest and costs. *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). The amount in controversy requirement is satisfied.

7. In assessing whether the jurisdictional amount in controversy is present, a court must first examine the pleadings to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount. *See, e.g., St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Plaintiff's Petition specifically states he seeks monetary damages of more than $200,000, but not more than $1,000,000. It is apparent from the pleading that the amount in controversy exceeds $75,000.

8. Nothing in this Notice of Removal shall be construed to mean that any amount is or will be owing to Plaintiff, or that it is appropriate or justified for Plaintiff to seek any type or amount of damages.

## VENUE

9. Venue for this action is proper in the Austin Division of the Western District of Texas because this is the district and division in which the state court action is pending. 28 U.S.C. § 1446(a).

## REMOVAL IS TIMELY

10. Defendant was served with Plaintiff's Amended Petition on April 15, 2020. Pursuant to 28 U.S.C. § 1446(b), a defendant must file a notice of removal within 30 days after service of the amended pleading, motion, order or other paper from which the defendant can ascertain that the case has become removable. Accordingly, this notice of removal is timely filed.

## ATTACHMENT OF STATE COURT PLEADINGS

11. Defendant has attached to this Notice as Exhibit A, a complete copy of the state court file, including the docket sheet.

## NOTICE OF REMOVAL GIVEN TO STATE COURT

12. A Notice of Removal to Federal Court is being filed in the 353rd Judicial District Court of Travis County, Texas on the date of this filing with the U.S. District Court for the Western District of Texas, Austin Division. A copy of the Notice provided to the state court is attached to this Notice as Exhibit B.

13. A list of counsel of record is attached to this Notice as Exhibit C.

## JURY DEMAND

14. Plaintiff demanded a jury in the underlying state court action.

## CONCLUSION

15.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1331(a) because there is complete diversity of citizenship between the parties. This action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b).

WHEREFORE, pursuant to and in accordance with 28 U.S.C. § 1446, Defendant removes this action from the 353rd Judicial District of Travis County, Texas, to this Court on this the 7th day of May, 2020.

Respectfully submitted,

*/s/ Bruce A. Griggs*
Bruce A. Griggs
Texas Bar No. 08487700
bruce.griggs@ogletree.com
Beth D. Adamek
Texas Bar No. 24097569
Beth.adamek@ogletree.com
OGLETREE DEAKINS NASH SMOAK
 & STEWART, P.C.
301 Congress Ave., Ste. 1150
Austin, Texas 78701
512.344.4700
512.344.4701 Fax

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

      This is to certify that I have this day sent via the Court's electronic filing system a true and correct copy of the foregoing to the following:

Kell A. Simon
501 North IH-35, Suite 111
Austin, Texas 78702
kell@kellsimonlaw.com

ATTORNEY FOR PLAINTIFF

      SO CERTIFIED, this 7th day of May, 2020.

                                     */s/ Bruce A. Griggs*
                                     Bruce A. Griggs