IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SHAWN RAMSEY,<br><br>*Plaintiff,*<br><br>v.<br><br>NORTHGATEARINSO, INC. D/B/A/ NGA HUMAN RESOURCES, INC. and NGA HUMAN RESOURCES, USA<br><br>*Defendant.* | CASE NO. 1:20-cv-00494-RP |

## DEFENDANT'S ORIGINAL ANSWER

Defendant NorthgateArinso, Inc. d/b/a NGA Human Resources, Inc. and NGA Human Resources USA ("Defendant") files its Original Answer to Plaintiff Shawn Ramsey ("Plaintiff) Original Amended Petition ("Petition"), respectfully stating:

### DISCOVERY LEVEL

1. Defendant admits that discovery will be conducted pursuant to the federal rules of civil procedure.

### JURISDICTION AND VENUE

2. Defendant admits that this court has subject matter jurisdiction.

3. Defendant admits that venue is proper in this District and Division.

### JURY DEMAND

4. Defendant admits that Plaintiff has requested a trial by jury.

### PARTIES

5. Defendant admits that Plaintiff is a former employee, but lacks knowledge of his current residence.

6. Defendant admits it maintains an office in Texas at 810 Hesters Crossing, Suite 250 Round Rock, Texas 7881 and that through its counsel has agreed to accept service.

## ADMINISTRATIVE REMEDIES

7. Defendant admits Plaintiff filed a Charge of Discrimination with the Texas Workforce Commission and filed this action within two years from the date of filing. Defendant denies any remaining factual allegations in paragraph 7 of the Petition.

## FACTS

8. Defendant admits Plaintiff was hired by Defendant in June 2017 as a Global Enterprise Sales Executive. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 8 of the Petition.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Petition.

10. Defendant admits that Plaintiff was notified of his termination on January 4, 2018. Defendant denies the remaining allegations in Paragraph 10 of the Petition.

## CAUSES OF ACTION – Chapter 21, Texas Labor Code

11. Defendant adopts and incorporates by reference its responses to the allegations in the preceding paragraphs of the Petition.

12. Defendant admits that it is an employer within the meaning of the Texas Labor Code.

13. Paragraph 13 is a legal statement to which no response is required. To the extent Paragraph 13 makes factual allegations that Defendant discriminated against Plaintiff, those factual allegation are denied.

14. Defendant denies the allegations in Paragraph 14 of the Petition.

15. Defendant denies the allegations in Paragraph 15 of the Petition.

## NO FEDERAL CLAIMS

16. Defendant adopts and incorporates by reference its responses to the allegations in the preceding paragraphs of the Petition.

17. No response required.

## DAMAGES

18. Defendant denies any factual allegations in Paragraph 18 of the Petition, and denies that Plaintiff is entitled to any of the relief he seeks.

19. Defendant denies any factual allegations in Paragraph 19 of the Petition, and denies that Plaintiff is entitled to any of the relief he seeks.

20. Defendant denies any factual allegations in Paragraph 20 of the Petition, and denies that Plaintiff is entitled to any of the relief he seeks.

## PRAYER FOR RELIEF

21. Defendant denies that Plaintiff is entitled to any of the relief sought in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

22. Defendant affirmatively asserts that any recovery by Plaintiff must be reduced, in whole or in part, because he failed or refused to take reasonable efforts to mitigate his damages, or to the extent that he has mitigated such damages, Defendant is entitled to an appropriate off-set.

23. Defendant acted in good faith, and there is no factual or legal basis for an award of punitive damages.

24. Plaintiff's claims are barred because all actions were taken for legitimate, nondiscriminatory reasons unrelated to Plaintiff's alleged disability.

25. To the extent Plaintiff is able to prove any improper motive was a factor in employment decisions, Defendant would have made the same employment decisions regarding Plaintiff regardless of any alleged improper motive.

26. Dependently affirmatively pleads all limitations or statutory caps on damages set forth in the Texas Labor Code.

27. Defendant affirmatively pleads that Plaintiff's claims are barred by his failure to exhaust administrative remedies.

**WHEREFORE**, Defendant NorthgateArinso, Inc., respectfully requests this Court dismiss Plaintiff's Petition with prejudice, award Defendant its costs and reasonable attorneys' fees, and award any such other relief as this Court deems just and proper.

Respectfully submitted, this 18th day of May, 2020.

/s/ Bruce A. Griggs
Bruce A. Griggs
Texas Bar No. 08487700
bruce.griggs@ogletree.com
Beth D. Adamek
Texas Bar No. 24097569
Beth.adamek@ogletree.com
OGLETREE DEAKINS NASH SMOAK
 & STEWART, P.C.
301 Congress Ave., Ste. 1150
Austin, Texas 78701
512.344.4700
512.344.4701 Fax

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that I have this day sent via email a true and correct copy of the foregoing to the following:

Kell A. Simon
501 North IH-35, Suite 111
Austin, Texas 78702
kell@kellsimonlaw.com

ATTORNEY FOR PLAINTIFF

SO CERTIFIED, this 18th day of May, 2020.

>                    */s/ Bruce A. Griggs*
>                    Bruce A. Griggs

42881889.1